**Jimmie GARDNER, Appellant,**

v.

**STATE of Florida, Appellee.**

**CASE NO. 1D16–1357**

District Court of Appeal of Florida, First District.

Opinion filed December 16, 2016.

Brett S. Chase, Saint Petersburg, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we reverse and remand.

In 2013, the appellant entered an open plea of guilty to one count of second degree murder and was sentenced to 45 years' imprisonment, with a 25–year minimum mandatory imposed for discharging a firearm which caused death. In his postconviction motion, the appellant alleged that trial counsel was ineffective for advising him to reject a plea offer of 25–years' imprisonment and instead enter an open plea. He alleges that because he used a firearm, the lowest sentence he could receive upon entering an open plea would have been 25 years' imprisonment. § 775.087(2)(a)3., Fla. Stat. (2013). Therefore, he alleges that counsel's advice to enter an open plea was unreasonable, as it increased his exposure to a possible sentence of life in prison, without any possible benefit. The appellant's claim is facially sufficient. See Alcorn v. State, 121 So.3d 419 (Fla. 2013).

The trial court denied the motion on the ground that a comment made by counsel at sentencing proved that no offer had been made. However, the portions of the record cited by the trial court do not refute the appellant's assertions that a 25–year offer was made, nor that counsel urged the appellant to reject it based on the false conclusion that a lesser sentence could be had if he entered an open plea. Further, none of the appellant's statements during the plea colloquy addressed any prior plea offer (if one existed) or the appellant's reasons for rejecting it.

Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing on the appellant's claim.

REVERSED and REMANDED with directions.

WOLF, RAY, and MAKAR, JJ., CONCUR.